ELMER E. CASE, PLAINTIFF, v. OUR LADY OF MT. CARMEL SOCIETY, INCORPORATED, A CORPORATION, DEFENDANT.

Submitted April 3, 1925—Decided May 26, 1925.

Contracts—Construction—Alleged Lack of Workmanlike Compliance by the Complainant—Judgment For Complainant Alleged to Have Been Against Weight of Evidence—Question Close, But No Evidence to Indicate Either Prejudice, Passion or Mistake on Part of Jury.

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Jacob R. Mantel.*

*Contra, John T. Van Riper.*

PER CURIAM.

This is defendant's rule to show cause why a verdict in favor of the plaintiff should not be set aside.

It appears that Case, the plaintiff, was a contractor, and he contracted with the defendant society to do the labor in the building of a dance hall building, the defendant to furnish the material, and plaintiff brought this suit to recover the balance of the contract price, and agreed price of extras.

The defendant answered admitting the contract, but denying that the work was done in a workmanlike manner, and counter-claimed for damages on account of plaintiff's failure to properly do the work.

The case was tried before Judge Daly and a jury at the Morris Circuit, and resulted in a verdict in favor of the plaintiff for the full amount of his claim.

The first point is that the verdict was contrary to the weight of the evidence. We are inclined to think that if we had been on the jury we might have found differently, and yet we think the testimony upon the question of whether the work was done in a workmanlike manner was fairly close.

The plaintiff and his foreman, apparently a frank and intelligent witness, together with three or four of the plaintiff's workmen, and Rogers, a building inspector, seem to support the plaintiff's claim as to the workmanlike character of his work.

True, on the contrary, several members of the defendant society, and several apparently disinterested experts, testified that the work was not done in a workmanlike manner.

The difficulty arose largely by reason of the fact that the plaintiff had nothing to do but to properly do the work, whilst the defendant had the responsibility of furnishing the materials. Plaintiff's answer to the criticism respecting the condition of the roof was that the shingles were of poor quality and split, and that the roof had to be gone over with care to make it reasonably satisfactory, which was done. Plaintiff's answer to the complaint as to the condition of the walls and ceiling was that the lumber supplied to him was not uniform and was of poor quality. His answer to the complaint about the pitch of the stage was that a pitch is customary in the construction of a theatrical stage.

The result of our careful examination of the evidence is that we cannot say that this verdict is so clearly against the weight of the evidence as to indicate prejudice or passion or mistake.

The contention that the verdict is contrary to the charge of the court we find to be without substance.

The rule will be discharged.